# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | Flame S.A. v. Freight Bulk Pte. Ltd., No. 14-2267 |
| **Originating No. & Caption** | Flame S.A. v. Freight Bulk Pte. Ltd., Nos. 13-658, 13-704 |
| **Originating Court/Agency** | U.S. District Court for the Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1292(a)(3) | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | October 14, 2014 | |
| Date notice of appeal or petition for review filed | October 28, 2014 | |
| If cross appeal, date first appeal filed | n/a | |
| Date of filing any post-judgment motion | n/a | |
| Date order entered disposing of any post-judgment motion | n/a | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ○ Yes | ⦿ No |
| If appeal is not from final judgment, why is order appealable? The order is appealable under 28 U.S.C. 1292(a)(3). | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

01/30/2013
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ○ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | No. 14-1189, No. 14-2067 | |
| Case number of any pending appeal in same case | n/a | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | none | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Please see attached. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Some of the issues in this appeal may include, among other legal or factual errors by the district court, whether the court's decision was based on erroneous or improper sanctions orders and adverse inferences, including a sanction of treating certain defendants as alter egos of one another; whether plaintiffs satisfied the legal and/or factual elements of their claims, including the requirement to establish that Industrial Carriers, Inc., the purported judgment debtor, is an alter ego of Freight Bulk Pte. Ltd., the owner of the attached vessel, or any other defendant; whether the district court erroneously conflated a Virginia tort cause of action for fraudulent conveyance with the federal standard for piercing the corporate veil; whether the district court erred in its choice of law, including whether it should have applied foreign law and whether it erred in its adjudication of a Virginia tort cause of action in a case brought under Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and its application of Virginia law on various dispositive issues. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Flame S.A. | Adverse Party: Glory Wealth Shipping Pte. Ltd. |
| Attorney: William R. Bennett, III<br>Address: BLANK ROME LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY 10174 | Attorney: James H. Power<br>Address: HOLLAND & KNIGHT LLP<br>31 West 52nd Street,<br>New York, NY 10019 |
| E-mail: WBennett@BlankRome.com | E-mail: James.power@hklaw.com |
| Phone: (212) 885-5000 | Phone: (212) 513-3200 |
| **Adverse Parties (continued)** ||
| Adverse Party: Noble Chartering, Inc. | Adverse Party: Vitol, S.A. (interested party) |
| Attorney: Paul Myung Han Kim<br>Address: SQUIRES SANDERS (US), LLP<br>30 Rockefeller Plaza; 23rd Floor<br>New York, NY 10112 | Attorney: Mark T. Coberly<br>Address: VANDEVENTER BLACK LLP<br>101 W. Main Street<br>500 World Trade Center<br>Norfolk, VA 23510 |
| E-mail: paul.kim@squiresanders | E-mail: mcoberly@vanblk.com |
| Phone: (212) 872-9841 | Phone: (757) 446-8600 |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Freight Bulk Pte. Ltd.<br><br>Attorney: Anthony J. Franze<br>Address:  ARNOLD & PORTER LLP<br>          555 Twelfth Street NW<br>          Washington, DC  20004<br><br>E-mail: anthony.franze@aporter.com<br><br>Phone: (202) 942-5000 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Anthony J. Franze           **Date:** December 3, 2014

**Counsel for:** Specially appearing defendant Freight Bulk Pte. Ltd.

---

**Certificate of Service**: I certify that on ___Dec. 3 , 2014___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Counsel for Flame S.A.<br>Steven M. Stancliff<br>150 W. Main Street, Suite 1500<br>Norfolk, VA 23510<br><br>Counsel for Noble Chartering Inc.<br>Leonard Fleisig<br>440 Monticello Ave; Suite 2200<br>Norfolk, VA 23510 | Counsel for Glory Wealth Shipping Pte Ltd.<br>James H. Power<br>31 West 52nd Street,<br>New York, NY 10019<br><br>Counsel for Vitol, S.A.<br>Mark T. Coberly<br>101 W. Main Street<br>500 World Trade Center<br>Norfolk, VA 23510 |

Signature: /s/ Anthony J. Franze      Date: December 3, 2014

## **NATURE OF THE CASE**

Plaintiffs-Appellees, all non-U.S. companies, commenced this proceeding under Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims in the United States District Court for the Eastern District of Virginia (the "district court") seeking judicial attachment of a cargo ship, the M/V CAPE VIEWER (the "Vessel"), that had arrived at a port in Norfolk, Virginia to retrieve a load of coal.

Plaintiffs sought to attach the Vessel as a means of collecting on purported foreign judgments or claims they had against one of the defendants, Industrial Carriers, Inc. ("ICI"), a Marshall Islands company. The problem, however, was that the Vessel was not owned by ICI. Instead, the Vessel was owned by defendant Freight Bulk Pte. Ltd. ("FBP"), a Singapore corporation. Accordingly, plaintiffs asserted that they could properly attach FBP's Vessel on the grounds that ICI had made fraudulent conveyances to defendants Vista Shipping, Ltd. ("Vista") and Viktor Baranskiy, and that FBP, Vista, and Mr. Baranskiy were "alter egos" of one another and of ICI.

Because this proceeding was brought exclusively to attach the Vessel under Rule B, a *quasi in rem* proceeding, the district court did not exercise personal jurisdiction over any of the defendants. Instead, FBP made a special appearance pursuant to Supplemental Admiralty Rule E(8) and litigated the case through trial.

The court held a trial from August 26 through September 4, 2014 on the claims of plaintiffs Flame S.A. and Glory Wealth Shipping Pte. Ltd., but bifurcated the claims of plaintiff Nobel Chartering, Inc.

On September 19, 2014, the district court issued a decision finding "that FBP, Vista, Viktor Baranskiy, and ICI are alter egos of one another and that ICI fraudulently transferred assets to Vista and Viktor Baranskiy . . . ." The Vessel thereafter was sold at judicial auction for $8.3 million, and the sales proceeds were deposited with the Clerk of the district court.

On October 14, 2014, the district court entered a non-final judgment stating that FBP, Vista, ICI, and Mr. Baranskiy are "jointly and severally liable to Flame S.A. and Glory Wealth Pte, Ltd. up to $8,300,000.00, pending any ruling by this Court regarding the separate share or entitlement of Noble Chartering, Inc. to the net proceeds of the sale or a portion thereof." The judgment is not final because (1) it did not resolve the claims of all plaintiffs; and (2) the district court did not determine how the $8.3 million would be allocated among the plaintiffs.

To avoid recurring criticisms by plaintiffs that FBP seeks to delay resolution of this case, specially appearing defendant FBP filed this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(3). The district court has ordered plaintiffs to appear at a settlement conference in January 2014 to address their respective claims against the $8.3 million sales proceeds, and FBP has filed a protective motion to stay execution and distribution of the proceeds upon entry of a final judgment pending resolution of an appeal.